The Honorable Judge Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIM KERRIGAN, | Case No: 16-01528-JCC |
| Plaintiff, | |
| v. | **DEFENDANT QUALSTAR CREDIT UNION'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| BAYVIEW LOAN SERVICING, LLC; QUALITY LOAN CORPORATION OF WASHINGTON; and QUALSTAR CREDIT UNION, | |
| Defendants. | **NOTE ON MOTION CALENDAR: NOVEMBER 4, 2016** |

## I.     Relief Requested

Defendant Qualstar Credit Union ("Qualstar") moves this Court for an order dismissing Plaintiff Kim Kerrigan's ("Kerrigan") Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## II.     Statement of Facts

Kerrigan is the owner of property commonly known as 8011 9th Avenue NW, Seattle, Washington (the "Property"). Complaint at ¶ 5. Qualstar is the beneficiary of a second-position Deed of Trust (the "Deed of Trust") recorded on April 17, 2008 that encumbers the Property. *Id.* at ¶ 5.10. The Deed of Trust secures repayment of a Home Equity Secured Line Account Variable Interest Rate (the "Note") signed by Kerrigan on April 2, 2008. A copy of the Note is

DEFENDANT QUALSTAR CREDIT UNION'S
MOTION TO DISMISS – PAGE 1 OF 6
CASE NO. 2:16-cv-01528-JCC

RCO LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Phone: 425.458.2121
Fax:     425.458.2131

attached hereto as Exhibit A.

Kerrigan admits in her Complaint that Qualstar is not attempting to foreclose or otherwise enforce the claim represented by the Deed of Trust, but alleges that Qualstar's claim is subject to being quieted under RCW 7.28.300. Complaint at ¶ 4.3, 6.42-6.43. Because payments under the Note are not barred by the statute of limitations, Kerrigan cannot state a claim under RCW 7.28.300.

### III. Legal Argument

#### A. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Gossen v. JP Morgan Chase Bank, N.A., et al*, 819 F. Supp. 2d 1162 (W.D. Wa. 2011), *citing Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

Where it is clear amendment would be futile, the court may dismiss the complaint without leave to amend. *See, Havas v. Thorton*, 609 F.2d 372 (9th Cir. 1979). Because no further amendment will cure the deficiencies of Plaintiff's claims against Qualstar, the Court should grant Qualstar's Motion to Dismiss with prejudice.

#### B. Judicial Notice

Qualstar requests that the Court take judicial notice of the Note attached hereto as Exhibit A. The court may consider authentic documents not attached to, but relied upon by, the complaint. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.").

DEFENDANT QUALSTAR CREDIT UNION'S
MOTION TO DISMISS – PAGE 2 OF 6
CASE NO. 2:16-cv-01528-JCC

RCO LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Phone: 425.458.2121
Fax:    425.458.2131

Here, Kerrigan's claim that an action to foreclose on Qualstar's Deed of Trust is barred by the statute of limitations under RCW 7.28.300 depends on the terms of the Note, Qualstar attached the Note to its Motion to Dismiss, and the parties do not dispute the authenticity of the document.  Therefore, the Court may consider the Note on Qualstar's Motion to Dismiss.

**C. Plaintiff fails to state a claim against Qualstar under RCW 7.28.300**

Kerrigan's only claim against Qualstar is an action to quiet title under RCW 7.28.300, which permits the owner of real estate to "maintain an action to quiet title against the lien of a mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed of trust would be barred by the statute of limitations."  A deed of trust foreclosure remedy is subject to a six-year statute of limitations. *Edmundson v. Bank of America*, 194 Wash.App. 920 (2016).

When recovery is sought on an obligation payable by installments, the statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it.  *Id*., *quoting Herzog v. Herzog*, 23 Wash.2d 382, 161 P.2d 142 (1945); *see also, A.A.C. Corp. v. Reed*, 73 Wn.2d 612, 615 (1968) ("mere default in payment does not mature the whole debt"), *Kirsch v. Cranberry Fin., LLC*, 178 Wn. App. 1031 (2013) ("The general rule for debts payable by installment provides, 'A separate cause of action arises on each installment, and the statute of limitations runs separately against each…")

Here, the Note provides that for the first 180 months (the "draw period"), the minimum monthly payment is accrued finance charges plus any portion of the minimum payments shown on prior statement(s).  Exhibit A at ¶ 5.  After the draw period ends in May of 2023, the outstanding principal balance must be paid over the following 180 months (the "repayment period") and will mature in May of 2038.  *Id*.  The Note is payable by installments, repayment of the principal balance does not start until 2023, and the loan matures in 2038.  Therefore, even assuming Kerrigan has not made a single payment under the Note, there are installment payments that have become due in the last six years and there are future installment payments

DEFENDANT QUALSTAR CREDIT UNION'S
MOTION TO DISMISS – PAGE 3 OF 6
CASE NO. 2:16-cv-01528-JCC

RCO LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Phone: 425.458.2121
Fax:     425.458.2131

that will become due for the next 22 years that are not barred by the statute of limitations.

In *Sylla v. JPMorgan Chase*, 2016 WL 4096405 (W.D.WA, 2016), the plaintiff similarly brought an action to quiet title pursuant to RCW 7.28.300, and the Court dismissed the claim with prejudice because the plaintiff was in default with respect to, at least, the past six years of payments preceding the most recent notice of trustee's sale. Similar to *Sylla*, Kerrigan has not pled a cognizable claim under RCW 7.28.300 where payments under the Note are not barred by the statute of limitations.

## IV.   Conclusion

Kerrigan's complaint fails to state a cognizable claim against Qualstar under RCW 7.28.300. Furthermore, because there is no amendment that could cure the deficiencies in Plaintiff's complaint, Qualstar requests that the Court grant its Motion to Dismiss with prejudice.

DATED this 13th day of October, 2016.

**RCO LEGAL, P.S.**

By /s/ John A. McIntosh
John A. McIntosh, WSBA No. 43113
Of Attorneys for Defendant Qualstar Credit Union

DEFENDANT QUALSTAR CREDIT UNION'S
MOTION TO DISMISS – PAGE 4 OF 6
CASE NO. 2:16-cv-01528-JCC

RCO LEGAL, P.S.
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Phone: 425.458.2121
Fax:    425.458.2131

**Declaration of Service**

The undersigned makes the following declaration:

1. I am now, and at all times herein mentioned was a resident of the State of Washington, over the age of eighteen years and not a party to this action, and I am competent to be a witness herein.

2. On October 13, 2016 I caused a copy of **Defendant Qualstar Credit Union's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6);** and the *Proposed* **Order Dismissing Defendant Qualstar Credit Union** to be served to the following in the manner noted below:

| | |
|---|---|
| Scott E. Stafne<br>Stafne Law Firm<br>239 N. Olympic Ave.<br>Arlington, WA  98223<br><br>Attorneys for Plaintiff | [**X**]  US Mail, Postage Prepaid<br>[  ]  Hand Delivery<br>[  ]  Overnight Mail<br>[  ]  Facsimile<br>[**X**]  CM/ECF Electronic Notice |
| Joseph McIntosh<br>McCarthy & Holthus, LLP<br>108 1st Ave. S., Suite 300<br>Seattle, WA  98104<br><br>Attorneys for Defendant Quality Loan Service Corporation of Washington | [**X**]  US Mail, Postage Prepaid<br>[  ]  Hand Delivery<br>[  ]  Overnight Mail<br>[  ]  Facsimile<br>[**X**]  CM/ECF Electronic Notice |
| Anthony C. Soldato<br>Gregor A. Hensrude<br>Klinedinst, PC<br>801 2nd Ave., Suite 1110<br>Seattle, WA  98104<br><br>Attorneys for Defendant Bayview Loan Servicing, LLC | [**X**]  US Mail, Postage Prepaid<br>[  ]  Hand Delivery<br>[  ]  Overnight Mail<br>[  ]  Facsimile<br>[**X**]  CM/ECF Electronic Notice |

//

DEFENDANT QUALSTAR CREDIT UNION'S
MOTION TO DISMISS – PAGE 5 OF 6
CASE NO. 2:16-cv-01528-JCC

RCO LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Phone: 425.458.2121
Fax:     425.458.2131

1  I declare under penalty of perjury under the laws of the state of Washington that the foregoing is

2  true and correct.

3  Signed this 13th day of October, 2016.

                              /s/  Kristine Stephan
                              Kristine Stephan, Paralegal

DEFENDANT QUALSTAR CREDIT UNION'S
MOTION TO DISMISS – PAGE 6 OF 6
CASE NO. 2:16-cv-01528-JCC

RCO LEGAL, P.S.
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Phone: 425.458.2121
Fax:     425.458.2131