THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIM KERRIGAN,

               Plaintiff,

     v.

QUALSTAR CREDIT UNION, *et al.*,

               Defendants.

CASE NO. C16-1528-JCC

ORDER GRANTING
DEFENDANTS' MOTIONS TO
DISMISS

This matter comes before the Court on Defendant Qualstar Credit Union's motion to dismiss (Dkt. No. 16) and Defendant Bayview Loan Serving's motion to dismiss (Dkt. No. 10). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions for the reasons explained herein.

I.  **BACKGROUND**

    A.  **The Parties and Deeds**

Plaintiff Kimberly Kerrigan was the owner of the residential property at issue. (Dkt. No. 1-1 at ¶ 4.) In February 2008, Plaintiff obtained a loan from Washington Mutual Bank secured by the residential property. (Dkt. No. 1-2 at 12; Dkt. No. 1-3 at 10.) She also executed a Multistate Fixed Rate Note with the original lender, Washington Mutual. (Dkt. No. 1-2 at 10.) The Note was secured by a Deed of Trust (the Deed), listing Plaintiff as the borrower and Washington Mutual as the lender. (Dkt. No. 1-2 at 12.) The Deed was assigned to Defendant Bayview and the

1   transfer was recorded on January 15, 2014. (Dkt. No. 1-4 at 8.) Bayview appointed Defendant

2   Quality Loan Corporation as a successor trustee on March 12, 2015. (Dkt. 1-4 at 5.) The Deed is

3   payable by installments and matures in 2038. (Dkt. No. 1-3 at 10.) Defendant Qualstar is a

4   beneficiary of a different, second-position deed of trust (second Deed) on the same residential

5   property owned by Plaintiff.[1] (Dkt. No. 16-1.) The second Deed is payable by installments,

6   repayment of the principal balance does not start until 2023, and the loan matures in 2038. (Dkt.

7   No. 16-1 at ¶ 5.)

8          **B.      Nonjudicial Foreclosures**

9          On October 31, 2012, Northwest Trustee Services, the prior trustee, recorded a Notice of

10   Trustee's Sale (NOTS) and scheduled the sale for March 1, 2013. (Dkt. No. 1-4 at 17.) The sale

11   did not occur and a "Notice of Discontinuance of Trustee's Sale" was recorded on October 9,

12   2014.[2] (Dkt. No. 11 at 7.)

13          On June 1, 2015, Quality recorded a second NOTS and scheduled the sale for October 2,

14   2015. (Dkt. No. 11 at 9.)  That sale also did not occur and a "Notice of Discontinuance of Sale"

15   was recorded on October 13, 2015. (Dkt. No. 11 at 14.)

16          On April 20, 2016, Quality recorded the present NOTS and set the sale date for August

17   15, 2016, which was continued to September 9, 2016. (Dkt. No. 1-3 at 27.)

18          //

19

---

20   [1] Qualstar requests that the Court take judicial notice of the second Deed. (Dkt. No. 16 at 2.) Judicial notice may be
21   taken where a document is not attached to the complaint, but "incorporated by reference" in the complaint. *U.S. v.
     Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The incorporation by reference doctrine has been extended "to situations
22   in which the plaintiff's claim depends on the contents of the document, the defendant attaches the document to its
     motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not
23   explicitly allege the contents of the document in the complaint." *Kneivel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir.
     2005). This is exactly what happened in this case. Therefore, the Court takes judicial notice of the second Deed,
24   (Dkt. No. 16-1).
     [2] Bayview requests that the Court take judicial notice of three documents. (Dkt. No. 10 at 2.) Judicial notice may be
25   taken of factual matters that are either generally known or "capable of accurate and ready determination by resort to
     sources whose accuracy cannot be reasonably questioned." *Ritchie*, 342 F.3d at 908–09; Fed. R. Evid. 201(b). All
26   three documents contained in Docket Number 11 are documents that were recorded with the State of Washington.
     Therefore, their accuracy cannot be reasonably questioned, and the Court takes judicial notice of all three documents
     (Dkt. No. 11).

ORDER GRANTING DEFENDANTS' MOTIONS
TO DISMISS
PAGE - 2

**C.    Procedural History**

Plaintiff filed this matter in King County Superior Court on August 29, 2016. (Dkt. No. 1-1.) Defendants removed the case to this Court. (Dkt. No. 1.) Plaintiff alleges that Defendants Quality and Bayview (1) violated Washington's Collection Agency Act (WCAA); (2) violated the federal Fair Debt Collection Practices Act (FDCPA); and (3) violated Washington's Consumer Protection Act (CPA). (Dkt. No. 1-1.) Essentially, Plaintiff alleges that because she has not made payments pursuant to the Deed for more than six years, the NOTS is unenforceable due to the statute of limitations. (Dkt. No. 1-1 at ¶ 6.29.) Therefore, she alleges Defendants violated the WCAA, FDCPA, and CPA by initiating an allegedly unenforceable NOTS. These first three claims seem to be against only Bayview and Quality, as Qualstar is not attempting to foreclose or otherwise enforce the claims in the second Deed. Plaintiff also brings a claim for quiet title against all Defendants. (Dkt. No. 1-2 at ¶¶ 6.30–6.45.) Defendants Bayview and Qualstar now bring motions to dismiss. (Dkt. Nos. 10 and 16.)

**II.    DISCUSSION**

**A.    Federal Rule of Civil Procedure 12(b)(6)**

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). The plaintiff is obligated to provide grounds for his entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl.*

1  *Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does

2  not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

3  unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A dismissal under Federal Rule of

4  Civil Procedure 12(b)(6) "can [also] be based on the lack of a cognizable legal theory." *Balistreri*

5  *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

6  **B.       Qualstar's Motion to Dismiss (Dkt. No. 16)**

7          Plaintiff alleges that although Qualstar is not attempting to foreclose on or otherwise

8  enforce claims in the second Deed, Qualstar's claim is subject to being quieted under

9  Washington Revised Code section 7.28.300. (Dkt. No. 1-1 at ¶¶ 4.3, 6.42–6.43.) Section

10  7.28.300 allows a real estate owner to "maintain an action to quiet title against the lien of a

11  mortgage or deed of trust on the real estate where an action to foreclose such mortgage or deed

12  of trust would be barred by the statute of limitations." A deed of trust foreclosure remedy is

13  subject to a six-year statute of limitations. *Edmundson v. Bank of Am.*, 378 P.3d 272, 276 (Wash.

14  Ct. App. 2016) (citing Wash. Rev. Code § 4.16.040). "[W]hen recovery is sought on an

15  obligation payable by installments, the statute of limitations runs against each installment from

16  the time it becomes due; that is, from the time when an action might be brought to recover it." *Id.*

17  at 277 (citing *Herzog v. Herzog*, 161 P.2d 142, 144–45 (Wash. 1945)).

18          Qualstar argues that the statute of limitations does not bar a future action for foreclosure

19  because there are still payments that have become due in the last six years and there are future

20  payments that will become due for the next 22 years. (Dkt. No. 16 at 3.) Plaintiff filed a response

21  to Bayview's motion to dismiss and did not address any of Qualstar's arguments. (*See* Dkt. No.

22  22.) Therefore, pursuant to Local Civil Rule 7(b)(2) "if a party fails to file papers in opposition

23  to a motion, such failure may be considered by the court as an admission that the motion has

24  merit." The Court agrees with Qualstar that the statute of limitations does not bar future

25  foreclosure at this point. Therefore, Plaintiff does not have a cause of action against Qualstar for

26  quiet title under section 7.28.300. The Court finds that these claims should be dismissed with

prejudice. "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010). Plaintiff cannot save her claim against Qualstar because payments are still due until 2038. As such, Plaintiff's claim against Qualstar is DISMISSED WITH PREJUDICE.

The same analysis applies to the quiet title claims against Bayview and Quality. The Deed does not mature until 2038 so there are still future payments that will become due. The trial court may *sua sponte* dismiss claims for failure to state a claim without notice or an opportunity to respond where "the plaintiffs cannot possibly win relief." *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Therefore, for the same reasons as above, Plaintiff's quiet title claims against Bayview and Quality are DISMISSED WITH PREJUDICE.

### C.     Bayview's Motion to Dismiss (Dkt. No. 10)

Plaintiff alleges that because she has not made payments pursuant to the Bayview Deed for more than six years, the most recent NOTS/nonjudicial foreclosure is unenforceable due to the six-year statute of limitations. (Dkt. No. 1-1 at ¶ 6.29.) Defendant argues that Plaintiff's allegation fails because nonjudicial foreclosures toll the statute of limitations based on the holding in *Bingham v. Lechner*, 45 P.3d 562, 566 (Wash. Ct. App. 2002). (Dkt. No. 10 at 1, 4.) In response, Plaintiff asks the court to certify Bayview's motion to the Washington Supreme Court or deny Bayview's motion to dismiss. (Dkt. No. 22 at 7.)

#### 1.    Certification of Bayview's Motion to the Washington Supreme Court

Plaintiff request that the Court certify Bayview's motion to dismiss to the Washington Supreme Court "because this case involves unsettled issues of law, which if clarified definitively, would have 'far-reaching effects' on those persons who are not subject to foreclosure of their property because of staleness." (Dkt. No. 22 at 7.) Plaintiff argues that there is no controlling authority by the Washington Supreme Court that nonjudicial foreclosures toll the statute of limitations and that the Court should not rely on *Bingham*, a state court of appeals

case, for this assertion. (*Id.* at 9.)

"Certification of questions of state law to the highest court of the state 'provides a means to obtain authoritative answers to unclear questions of state law.'" *Micomonaco v. State of Wash.*, 45 F.3d 316, 322 (9th Cir. 1995) (quoting *Toner v. Lederle Lab.*, 779 F.2d 1429, 1432 (9th Cir. 1986)). Revised Code of Washington section 2.60.020 provides the standard for certifying a question to the Washington Supreme Court:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

However, the "Washington Supreme Court does not operate as a court of appeals for decisions of [district courts]." *Hann v. Metro. Cas. Ins. Co.*, 2012 WL 3098711, at *3 (W.D. Wash. July 30, 2012). "There is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision." *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008) (internal quotation marks omitted). The decision to certify a question rests in the discretion of the district court. *Micomonaco*, 45 F.3d at 322.

Here, Plaintiff cites no controlling authority that has overruled *Bingham* and no Washington Supreme Court cases that indicate *Bingham* was wrongly decided. Plaintiff merely argues that *Bingham* was wrongly decided and adoption of the case will lead to many problems in Washington. (Dkt. No. 22 at 14–25.) However, another court in the Western District of Washington, considering similar facts, very recently adopted *Bingham* to find that commencement of a nonjudicial foreclosure tolls the statue of limitations. *Fujita v. Quality Loan Serv. Corp. of Wash.*, 2016 WL 4430464, at *2 (W.D. Wash. Aug. 22, 2016). Moreover, the Court concludes there is no indication from the Washington Supreme Court that *Bingham* was wrongly decided. Therefore, the Court DENIES Plaintiff's request for certification to the Washington Supreme Court because there is no unclear question of law. Further, there is a

1  presumption against certifying a question to a state supreme court after the federal district court

2  has issued a decision.

3          2.   Motion to Dismiss

4          Bayview argues that payments made in February 2010 through April 2010 do not

5  invalidate the most recent nonjudicial foreclosure because the previous nonjudicial foreclosures

6  tolled the statute of limitations. (Dkt. No. 10 at 4.) (citing *Bingham*, 127 P.3d at 566). Plaintiff

7  does not dispute the holding and application of *Bingham*, but merely seeks certification of the

8  question of whether nonjudicial foreclosures toll the statute of limitations because there is no

9  Washington Supreme Court decision on the matter. (*See* Dkt. No. 22.) Therefore, as the Court

10  has already declined to certify the question, the Court concludes that *Bingham* is persuasive

11  authority and agrees with Defendant and the other Western District of Washington court that has

12  also applied *Bingham* to a similar set of facts: nonjudicial foreclosures toll the statute of

13  limitations. As such, the pending foreclosure is timely and Plaintiff cannot sustain any claims on

14  the basis that the statue of limitations has run.

15          Plaintiff bases all of her alleged Bayview and Quality violations of the WCAA, FDCPA,

16  and CPA on the statute of limitations issue. Therefore, because the statute of limitations was

17  tolled by the previous nonjudicial foreclosures, Plaintiff fails to state a claim upon which relief

18  can be granted on all three causes of actions against both Defendants. Bayview and Quality did

19  not act unlawfully by initiating the most recent NOTS. Bayview's motion to dismiss is

20  GRANTED. The Court finds that these claims should be dismissed with prejudice. Under these

21  facts, this complaint cannot be saved because the statute of limitations has been tolled. All of

22  Plaintiff's claims against Bayview and Quality for violations of the WCAA, FDCPA, and CPA

23  by initiating the most recent NOTS are DISMISSED WITH PREJUDICE.

24  **III.   CONCLUSION**

25          For the foregoing reasons, Defendants Bayview and Qualstar's motions to dismiss (Dkt.

26  Nos. 10 and 16) are GRANTED. Plaintiff's entire complaint is DISMISSED WITH PREJUICE.

ORDER GRANTING DEFENDANTS' MOTIONS
TO DISMISS

1    DATED this 6th day of December 2016.

2

3

4

5

6

7

8                                              John C. Coughenour
                                               UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26