THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIM KERRIGAN,<br><br>                      Plaintiff,<br><br>        v.<br><br>QUALSTAR CREDIT UNION, *et al.*,<br><br>                      Defendants. | CASE NO. C16-1528-JCC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR POST-JUDGMENT RELIEF |

This matter comes before the Court on Plaintiff Kim Kerrigan's motion for post-judgment relief (Dkt. No. 27). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

On December 6, 2016, the Court granted Defendants Bayview and Qualstar's motions to dismiss and dismissed Plaintiff's complaint with prejudice. (Dkt. Nos. 25, 26.) In response to the motions to dismiss, Plaintiff argued that the Washington Supreme Court has not decided the issue of whether nonjudicial foreclosures toll the statute of limitations on foreclosure actions and that, therefore, the Court should certify the question to the Washington Supreme Court instead of granting the motion to dismiss. (Dkt. No. 22 at 7.) The Court denied Plaintiff's request because there is no controlling authority that overrules *Bingham v. Lechner*, 45 P.3d 562, 566 (Wash. Ct. App. 2002), which held that nonjudicial foreclosures toll the statute of limitations, and there is no

indication from the Washington Supreme Court that *Bingham* was wrongly decided. (Dkt. No. 25 at 5–6.) Relying on *Bingham*, the Court found that the claims should be dismissed with prejudice. (*Id.* at 7.)

Plaintiff now asks the Court to amend or alter its judgment pursuant to Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b)(3) and 60(b)(6). A judgment should not be amended "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations omitted). Plaintiff claims that the Court "abused its discretion in refusing to follow controlling precedent requiring the Court to predict how the Supreme Court would rule" on Plaintiff's claims. (Dkt. No. 27 at 4–9.) Plaintiff also argues that her newly submitted expert report demonstrates new evidence that the nonjudicial foreclosures were fraudulent. (*Id.* at 9–10.) Finally, Plaintiff asks that the Court allow her to amend her complaint after altering the judgment. (*Id.* at 10–11.)

Plaintiff's first argument is without merit. Although the Court is only bound by the decision of a state's highest court when considering state law claims, "where there is no binding precedent from the state's highest court, [courts] 'must predict how the highest state court would decide the issue *using intermediate appellate court decisions*, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.'" *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 724 F.3d 1268, 1278 (9th Cir. 2013) (quoting In re Kirkland, 915 F.2d 1236, 1239 (9th Cir.1990)) (emphasis added). Therefore, the Court's reliance on and adoption of *Bingham* as persuasive authority to dismiss Plaintiff's claims was proper and not a clear error. The Court reasonably relied on a 14 year-old intermediate appellate court decision that has neither been overturned nor questioned by the Washington Supreme Court and this does not entitle Plaintiff to an amended judgment.

Second, neither Plaintiff's new expert report nor any of Plaintiff's supporting declarations

make any indication that the evidence of alleged fraud was not previously available when she filed the complaint or her response to the motion to dismiss. This attempt to create an entirely new liability is improper and does not warrant an amended judgment. *See Kona Enterprises*, 229 F.3d at 890 ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

Therefore, the Court DENIES Plaintiff's request to amend the judgment (Dkt. No. 27). The Court also DENIES Plaintiff's request to amend the complaint because Plaintiff has failed to show there is a legitimate reason to amend the judgment.

DATED this 27th day of January 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR
POST-JUDGMENT RELIEF
PAGE - 3